IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02240-WYD-CBS

CREEKSIDE TOWNHOMES HOMEOWNERS ASSOCIATION, INC.,

    Plaintiff,

v.

TRAVELERS CASUALTY SURETY COMPANY
d/b/a ST. PAUL TRAVELERS,

    Defendant.

**ORDER**

I.    Introduction and Background

THIS MATTER is before the Court on Plaintiff's Motion for Partial Summary Judgment, filed July 15, 2009 [#66], and Defendant's Motion for Summary Judgment, also filed July 15, 2009 [#63].

This is a bad faith and breach of contract action arising from Defendant's handling of a claim for hail damage submitted by Plaintiff Creekside Townhomes Homeowners Association, Inc. following a hailstorm on September 9, 2006. Plaintiff initiated this suit on September 16, 2008, bringing claims for breach of contract, relief pursuant to House Bill 08-1407, bad faith breach of insurance contract and punitive damages. Because, pursuant to C.R.S. § 13-21-102(1.5)(a), a claim for exemplary damages cannot be included in any initial claim for relief, on June 1, 2009, Plaintiff formally moved to assert a claim for punitive damages. Magistrate Judge Shaffer

granted Plaintiff's request on September 15, 2009, and Plaintiff filed a Second Amended Complaint on September 16, 2009.

Voluminous facts have been asserted by both parties in connection with the summary judgment motions and briefing. I will briefly summarize those facts which I deem pertinent to my ruling. I have, however, construed all of the facts in the light most favorable to Plaintiff as I must for purposes of this summary judgment motion. *See Carolina Cas. Ins. Co. v. Yeates*, 533 F.3d 1202, 1204 (10th Cir. 2008).

It is undisputed that on January 12, 2006, Plaintiff entered into an insurance policy contract with Charter Oak Fire Insurance Company, an affiliate of Travelers Casualty Surety Company. In June 2007, Plaintiff made a claim under the policy for roof damage caused by a hail storm. Defendant retained Knott Laboratories and Belfor Restoration to assist in adjusting the claim. Following an investigation, Defendant determined that the roof could be repaired and on August 12, 2008, Defendant issued a check to Plaintiff in the amount of $112,402.83, the portion repair costs payable under the policy. The parties dispute whether the manufacture of the roof shingles and the Town of Parker approved of Defendant's proposed method of repair. However, in July 2008, Belfor Restoration performed repairs on a "test repair field" on a single slope of the Creekside townhomes complex. In October, 2008, Plaintiff arranged for a representative of the shingle manufacturer to examine the "test repair field." The manufacturer determined that the repairs in the test field had caused damage to shingles that abut the replaced shingles and did not conform to its protocols. The manufacturer further indicated that damage to shingles abutting the replaced shingles

may not be covered by its limited warranty.  In addition, the Town of Parker informed Plaintiff that it would not issue a permit for further repairs performed in accordance with the methodology utilized in July, 2008.

On March 20, 2009, Plaintiff forwarded to Defendant two bids for full replacement of the roofs - one from WeatherGuard Construction Company in the amount of $1,906,804.01 and a second bid from Colorado Roofing and Exterior in the amount of $1,719,029.58.  On April 13, 2009, Defendant conducted a C.R.C.P. 34 examination of the premises.  In May 2009, Defendant determined that it would provide payment for replacement of the roof, and informed Plaintiff that it would seek two or three additional replacement estimates, and then provide payment of the actual cash value of the damages based on the "most competitive qualifying estimate or bid."  Sometime thereafter Defendant obtained a roof replacement proposal from BluSky Xteriors in the amount of $1,149,000.  On July 2, 2009, Defendant submitted an additional payment to Plaintiff in the amount of $958,662.07 - an amount calculated by subtracting the policy's deductible and Defendant's prior payment from BluSky's replacement proposal.  Plaintiff maintains, however, that the estimate prepared by BluSky is not reasonable, and is based upon erroneous assumptions concerning the design of the building units in Plaintiff's complex and an inaccurate measurement of the square footage of the roof surfaces.  Defendant maintains that any inaccuracies in BluSky's proposal are the result of Plaintiff's refusal to grant Defendant access to the roof.  Plaintiff does not deny that it has refused to allow Defendant to access the roof since May 5, 2009.  According to Defendant, it may consider making additional payments to Plaintiff but requests that

Plaintiff first allow up to three roofers other than BluSky to inspect the roof and provide replacement bids. Plaintiff objects to Defendant's request that the roof be examined by three separate roofing companies "such that [Defendant] could review three competing bids and select the lowest bidder to make payment at the Creekside complex." Defendant denies that its adjustment of Plaintiff's claim is complete and defends its initial decision to attempt repair of the roof shingles, rather than replacement.

On July 15, 2009, both Plaintiff and Defendant filed motions for summary judgment. Plaintiff's motion seeks partial summary judgment on its breach of contract claim, and Defendant's motion seeks summary judgment in its favor as to all of Plaintiff's claims.

II.     Analysis

    A.     Standard of Review

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but must

instead bring forward "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 590 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

    B.    <u>Analysis</u>

        1.    <u>Whether Plaintiff Has Improperly Named Travelers as the Defendant in this Lawsuit</u>:

As an initial matter, I address Defendant's contention that Plaintiff has improperly named Travelers Casualty Surety Company d/b/a St. Paul Travelers as the Defendant in this case. According to Defendant, Plaintiff cannot assert any claims against Travelers because Plaintiff's insurance policy was issued by an entity known as The Charter Oak Fire Insurance Company. Plaintiff maintains that it has sued the correct entity, pointing to a filing by Defendant on October 17, 2008, in which Defendant requested the Court amend the caption in this case "by removing Defendant The Charger Oak Fire Insurance Company."

The record in this case reflects that Plaintiff initially filed this action in District Court for the City and County of Denver naming "Travelers Casualty Surety Company d/b/a St. Paul Travelers" as Defendant. On October 15, 2008, Defendant filed a notice of removal to this Court and in the caption of the Notice listed "The Charter Oak Fire Insurance Company," as Defendant. The body of the Notice of Removal states that

"Charter Oak, erroneously named as Travelers Casualty Surety Company d/b/a St. Paul Travelers, is a defendant in a civil action pending in District Court, Denver County, Colorado, entitled *Creekside Townhomes Homeowners Association, Inc. v. Travelers Casualty Surety Company d/b/a St. Paul Travelers*, Case No. 2008cv7942." Defendant sought to correct its error in the caption of the Notice of Removal by filing an errata stating:

> As a result of a clerical error, The Charter Oak Fire Insurance Company, erroneously sued as Travelers Casualty Surety Company d/b/a St. Paul Travelers, incorrectly identified the Defendant in the caption block of Defendant's Notice of Removal . . . The caption should have stated 'Travelers Casualty Surety Company d/b/a St. Paul Travelers.' The proper defendant is, however, The Charter Oak Fire Insurance Company.

Defendant requests that the claims against Travelers be dismissed and the pleadings in this case be amended to replace Charter Oak as the Defendant in this case. Plaintiff objects and notes that in correspondence from Defendant's counsel, Defendant refers to its client as "Travelers" and further notes that the checks issued to Plaintiff in August 2008 and July 2009 are issued on a Travelers account. I note that the checks issued to Plaintiff list Charter Oak Fire Insurance Company as the underwriting company but are printed on paper using the "Travelers" logo. In addition, correspondence to Plaintiff from The Charter Oak Fire Insurance Company is written on Traveler's letterhead. Plaintiff maintains that at best, Defendant has raised a question as to what the relationship between Charter Oak and Travelers might be without clearly defining what the distinction or relationship is. Defendant admits that Charter Oak is a Travelers affiliate and another Travelers affiliate adjusted the claim on Charter Oak's

behalf. Defendant has attached a copy of the insurance policy at issue which states the insuring company is "The Charter Oak Fire Insurance Company." However, the policy is written on letterhead bearing the name "St Paul Travelers" and premium payments were to be made payable to St. Paul Travelers.[1]

Construing the facts in the light most favorable to Plaintiff, I find that material issues of fact exist as to whether the claims asserted against Travelers Casualty Surety Company d/b/a St. Paul Travelers should be dismissed. Therefore, Defendant's motion for summary judgment is denied to the extent it seeks dismissal based on its assertion that Plaintiff has improperly named Travelers as the Defendant in this lawsuit.

> 2. <u>Whether Summary Judgment is Proper as to Plaintiff's Breach of Contract Claim and Bad Faith Claim</u>:

Both parties seek summary judgment as to Plaintiff's breach of contract claim.[2] "When the parties file cross motions for summary judgment, 'we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).

In its motion for summary judgment, Defendant contends that Plaintiff cannot establish the damage elements as to both Plaintiff's breach of contract claim and its bad

---

[1] Based on the record before me, it may be appropriate for Plaintiff to request to amend its complaint to add "The Charter Oak Fire Insurance Company" as a Defendant in this case.

[2] Plaintiff states in its reply in support of its motion for partial summary judgment that it seeks summary judgment only as to its breach of contract claim.

faith claim. Defendant maintains that the only damages Plaintiff is entitled to receive are "the full extent of all benefits owed under the contract" - or the cost to adequately replace the entire roof and other hail related repairs less all amounts previously paid. Defendant also contends that Plaintiff cannot demonstrate any breach of the insurance contract because it fulfilled its payment obligations by paying for replacement of the roofs and by committing "to take all reasonable measures to resolve any concerns over the amount paid by Charter Oak." In its motion for partial summary judgment, Plaintiff requests that I find that Defendant owes $1,719,029.58 for replacement of the roofs (the amount of the bid obtained from Colorado Roofing and Exterior) less any amounts previously advanced by Defendant.

It is clear that the parties vigorously dispute whether Defendant's payments to Plaintiff to date, which are based on the BluSky roof replacement proposal, are adequate to replace the roof. The parties dispute whether Plaintiff is entitled to additional payment from Defendant, as well as the amount of any additional payments. Accordingly, I find that there are genuine issues of material fact concerning whether Defendant has fulfilled its obligations under the insurance contract with Plaintiff, and whether Defendant has undertaken its obligations in bad faith. Therefore, I decline to enter summary judgment on Plaintiff's breach of contract and bad faith claims.

        3.      <u>Whether Summary Judgment is Proper as to Plaintiff's Claim Based on Violation of C.R.S. § 10-3-1116</u>:

In its Second Amended Complaint, Plaintiff asserts a claim for relief "pursuant to House Bill 08-1407, now codified at C.R.S. § 10-3-1116. This statute became effective August 5, 2008. Subsection (1) of the statute provides that: "A first party claimant . . .

whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." Defendant contends that Plaintiff's claim must be dismissed because it has not denied any claim for payment, and any delays that occurred necessarily arose before the statute's effective date.

Construing the facts in the light most favorable to Plaintiff, I find that Plaintiff has demonstrated the existence of material facts with respect to whether Defendant have unreasonably denied or delayed in resolving its claim for benefits after the statute's effective date. The parties dispute whether Defendant's decision to pay Plaintiff $112,402.83 on August 12, 2008, for a portion repair costs payable under the policy was a denial of Plaintiff's request for replacement of the roofs. In addition, the parties dispute the manner in which Defendant handled Plaintiff's claim from August, 2008 until May 5, 2009, when Defendant agreed that it would provide payment for replacement of the roofs. As noted above, the parties dispute whether Defendant's payments to date are sufficient to replace the roofs. Therefore, summary judgment is not proper as to Plaintiff's claim pursuant to C.R.S. § 10-3-1116.

    4. <u>Whether Summary Judgment is Appropriate as to Plaintiff's Punitive Damages Claim</u>:

Finally, Defendant contends that Plaintiff has improperly asserted a punitive damages claim by improperly asserting this claim as part of its initial claim for relief. As set forth above, since the filing of Defendant's motion for summary judgment, Magistrate Judge Shaffer granted Plaintiff's request to amend its complaint to assert a claim for punitive damages, and Plaintiff filed a Second Amended Complaint on September 16,

2009.  Defendant's request for summary judgment as to Plaintiff's punitive damage claim is denied.

III.     Conclusion

Therefore, for the reasons set forth herein, it is hereby

ORDERED that Plaintiff's Motion for Partial Summary Judgment, filed July 15, 2009 [#66] is **DENIED**.  It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment, filed July 15, 2009 [#63] is **DENIED**.

Dated:  March 31, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge